UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MANUFACTURERS AND TRADERS TRUST
COMPANY,

                        Petitioner,

      v.                                  **DECISION AND ORDER**

FIRST TENNESSEE BANK NATIONAL                 13-CV-977S
ASSOCIATION,

                        Respondent.

---

      Petitioner has filed a motion to opt out of alternative dispute resolution ("ADR") pursuant to Section 2.2 A of the court's Alternative Dispute Resolution Plan.

      This action was commenced in this federal district court by Notice of Removal filed September 27, 2013. (Docket 1.) According to the Notice, the underlying action was commenced in New York Supreme Court, Erie County, on September 7, 2013. The asserted basis for removal is diversity of citizenship.

      As a newly filed civil case in the Western District of New York, the action was automatically referred to mediation on October 2, 2013 (Docket 3) pursuant to Section 2.1 A of the court's ADR Plan.

      Motions to opt out of an ADR referral must be made within fourteen days from the date of the first discovery conference conducted under Local Rule 16. The first discovery conference has not yet been conducted and, therefore, the motion is premature.

Treating the motion as having been timely filed, the Court observes that the state court petition was filed pursuant to New York's Civil Practice Law and Rules to confirm an arbitration determination. In its Response to Petition filed contemporaneously with its Notice of Removal, respondent contends, *inter alia*, that the arbitration panel's award contains numerous errors and that it is subject to being vacated or modified. According to the Petition and the Response to Petition, the underlying arbitration proceeding was commenced in May 2009, and the extensive record filed with this removed case establishes that the issues raised and the substantial sums of money involved have been the subject of significant and protracted legal effort and expense. Paragraphs 17 and 18 of the Declaration of counsel in support of the motion provides information concerning the magnitude of the arbitration proceedings.

The fundamental purpose of the Court's ADR Plan is to provide "quicker, less expensive and potentially more satisfying alternatives to continuing litigation . . . ." (ADR Plan §1.2 A.) Furthermore, motions to opt out may be granted only upon a showing of good cause and by setting forth the reasons why ADR has no reasonable chance of being productive. (ADR Plan §2.2 C.) Here, petitioner submits that because settlement discussions were not productive before and during (but perhaps not since) the arbitration hearings, and because the action "*has been fully adjudicated on the merits*," there is little chance for a settlement agreement. (Docket 7-1, ¶¶ 18, 20.)

Petitioner's pessimistic view of settlement prospects, while understandable, is not dispositive and does not satisfy the criteria for relief from mediation referral. Nor does its

contention that the issues have been fully adjudicated elsewhere, given that respondent's Response to Petition asserts denial and disagreement with the claim for judicial confirmation of the arbitration determinations.

Without in any way addressing the merits of the case, there appears to be a potential for further lengthy and expensive litigation here.  Furthermore, although many referred cases are resolved, the mediation process does not require settlement.  It requires only participation in good faith.  And in the hands of a skilled federal court neutral, mediation is often productive even where settlement is not achieved.

The motion to opt out of alternative dispute resolution is DENIED.

IT HEREBY IS SO ORDERED.

Dated:     October 18, 2013
           Buffalo, New York

                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                  Chief Judge
                                           United States District Court